FILED
2017 Jun-05  PM 03:45
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | | |
|---|---|---|
| **TERESA MAIDEN** | * | |
| **Plaintiff,** | * | |
| **vs.** | * | **CASE NUMBER:** _____ |
| **STARR INDEMNITY & LIABILITY COMPANY, ET AL.,** | * | |
| | * | |
| **Defendants.** | * | |

## NOTICE OF REMOVAL

COMES NOW, the Defendant, Starr Indemnity & Liability Company ("Starr" and/or "Defendant"), pursuant to the provisions of 28 U.S.C. § 1441 (a) and (b) and 28 U.S.C. § 1446, files this Notice of Removal of this cause from the Circuit Court of Jefferson County, Alabama to the United States District Court for the North District of Alabama, Southern Division. In support of this Notice of Removal, Defendant states as follows:

## Introduction and Background

1.     On May 5, 2017, Plaintiff Teresa Maiden ("Plaintiff") filed this action in the Circuit Court of Jefferson County, Alabama (Complaint, included in State Court File, attached hereto as Exhibit "A"). The Complaint arises out of an insurance coverage dispute, and alleges that the Defendant Starr owes insurance coverage for a default

judgment in the amount of $269,737.00 which Plaintiff obtained against BOG, Inc. and Melvin Cheatum. Id.

2.      As the evidence in this case will ultimately show, and as counsel for the Plaintiff has been informed on multiple occasions, neither BOG, Inc. nor Melvin Cheatum, were insureds and/or additional insureds under any Starr policy of insurance.

## Removal is Timely

3.      The instant Complaint was filed against Starr on or around May 5, 2017. According to Alacourt, Starr received service on or around May 23, 2017.   The Complaint served on Starr was the first pleading received by Defendant setting forth the claims for relief on which this action is based.   Starr is filing this Notice of Removal within 30 days of service; thus, removal of this action is timely pursuant to 28 U.S.C. § 1446(b).   *See also* Murphy Brothers, Inc. v. Michetti Pipe Storing, Inc., 526 U.S. 344 (1999).

4.      No previous application for removal has been made.  Copies of all process, pleadings, and other papers served on or received by Defendant and the entire Circuit Court file for Jefferson County are attached hereto as Exhibit "A."  The Circuit Clerk of Jefferson County has been notified of this removal.

## Propriety of Removal to this Court

5.      The United States District Court for the Northern District of Alabama, Southern Division, encompasses the county in which the state court action is pending.

Thus, this Court is the proper venue for this action pursuant to 28 U.S.C. § 81(b)(3).

6.    This action is removable due to this Court's diversity jurisdiction, pursuant to 28 U.S.C. §§ 1332(a) and 1441(b), which permit a party to remove a case to federal court where there is diversity of citizenship and the amount-in-controversy exceeds $75,000.00.

## There is Complete Diversity of Citizenship

7.    There is complete diversity of citizenship in this case.

8.    The black letter rule for complete diversity turns on whether "there are foreign entities on both sides of the action." Iraola & CIA, S.A. v. Kimberly-Clark Corp., 232 F.3d 854, 860 (11th Cir. 2000).  When a court is reviewing the citizenship of the parties to determine if the suit meets the requirements of diversity jurisdiction, the court must look to the citizenship of the parties at the time when the action was filed. *See* Freeport-McMoRan, Inc. v. K N Energy, Inc., 498 U.S. 426 (1991).

9.    For the purpose of determining diversity, a corporation is deemed to be a citizen of both the state of its incorporation and of the state where it has its principal place of business.  28 U.S.C. § 1332 (c)(1).

10.    The Complaint facially alleges that Plaintiff is a resident citizen of Jefferson County, Alabama.  (Complaint, Exhibit "A", p. 1).

11.    The Complaint is silent as to both what state Starr is incorporated in, as well as which state Starr has its principal place of business.  Instead, the Complaint

broadly contends that Starr is: "a global insurance company, and engages in the business of providing property and casualty insurance to a variety of businesses and other parties located throughout the nation including in Jefferson County, Alabama." (Complaint, Exhibit "A", p. 1). However, in fact, Starr is incorporated in the State of Texas and its principal place of business is located in the State of New York. (Exhibit "B", Brownell Affidavit).

12.    Thus, there is complete diversity among the parties. The Plaintiff is an Alabama resident citizen, while Starr is incorporated in the State of Texas and has its principal place of business in the State of New York.

## The Amount In Controversy Exceeds $75,000.00

13.    The Complaint seeks judgment against the Defendants well in excess of $75,000.00. Specifically, the underlying default judgment for which the Plaintiff seeks coverage from Starr is $269,737.00. (Complaint, Exhibit "A", p. 2). Assuming there is any coverage for the underlying claim, which is denied, Starr's insurance policy potentially has up to $1,000,000.00 in liability coverage. (Starr Policy declarations page, attached hereto as Exhibit "C"). Consequently, the policy has more than $75,000.00 in potential coverage, and the claim for coverage at issue seeks more than $75,000.00 in damages.

14.    Accordingly, the requisite amount-in-controversy requirement of $75,000.00 for purposes of diversity jurisdiction is easily satisfied. *See, e.g.,* Federated

Mut. Ins. Co. v. McKinnon Motors, 329 F.3d 805 (11th Cir. 2003) (analyzing the insurance policy limits and corresponding damages claimed for amount in controversy requirements).

### All Prerequisites for Removal under 28 U.S.C. § 1441 Have Been Satisfied

15.     As set forth above, this Notice of Removal has been filed within thirty (30) days of service on Defendant, the amount in controversy exceeds Seventy-Five Thousand and No/100 Dollars ($75,000.00), exclusive of interest and costs, and complete diversity exists.

16.     A copy of this Notice of Removal is being served on Plaintiff and filed with the Circuit Court of Jefferson County, Alabama.

17.     If any question arises as to the propriety of the removal of this action, Defendant requests the opportunity to present a brief and/or oral argument in support of its position that this case is removable.

WHEREFORE, Defendant Starr Indemnity & Liability Company, desiring to remove this case to the United States District Court for the Northern District of Alabama, Southern Division, being the district and division of said Court for the county in which said action is pending, pray that the filing of this Notice of Removal with the Clerk of the Circuit Court of Jefferson County, Alabama, shall effect a removal of said suit to this Court.

Respectfully submitted,

By: _____
STEWART L. HOWARD (HOWAS 7912)
JONATHAN G. FESTA (FESTJ 7313)
Attorneys for Starr Indemnity & Liability
Company

OF COUNSEL:
HOWARD-FESTA, LLP
Post Office Box 1903
Mobile, Alabama 36633
Telephone: (251) 431-9364
Facsimile: (251) 431-9368
showard@howardfesta.com
jfesta@howardfesta.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the ___5th___ day of June, 2017, I filed the foregoing document by filing it electronically via the CM/ECF and/or by mailing the same via United States Mail, properly addressed and first-class postage pre-paid, as follows:

Victor R. Spencer, Esq.
3026 Ensley Avenue
Birmingham, Alabama 35208

_____
OF COUNSEL