## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| TERESA MAIDEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO.: <u>2017-cv-00930</u> |
| | ) |
| STARR INDEMNITY AND LIABILITY | ) |
| COMPANY, | ) |
| Defendant. | ) |

### PLAINTIFF'S OBJECTION TO DEFENDANT'S MOTION TO DISMISS

**Comes Now** the Plaintiff by and through her attorney of record in the above-style cause and objects to the Defendant's (Starr Indemnity And Liability Company)Motion to Dismiss and/or, In the Alternative, Motion for Summary Judgment, now construed as a Motion to Dismiss upon the following grounds:

1. This cause emanates from a fire at an apartment complex in which the Plaintiff, Teresa Maiden, and other tenants affected by the fire obtained a default judgment against the landlord, BOG, Inc., and its principal officer, Melvin Cheatum.

2. Prior to filing the lawsuit in which the default judgments were granted, the Plaintiff and the other tenants filed an insurance claim against the landlord with Cooks Claims Services, Inc., hereinafter referred to as "Cooks", which accepted the claim and move forward with investigating the claim by obtaining statements from the Plaintiff and the other tenants affected by the fire. During the pendency of the claim for several months, Cooks never indicated or expressed that it was not the landlord's insurance carrier.

3. Thereafter, a reorganization is believed to have occurred with Cooks, and the Defendant, Starr Indemnity and Liability Company, hereinafter referred to as "Starr" became involved with the claim. Once Starr became involved with the claim, it continued to act as the insurance carrier for the landlord, BOG,Inc., as indicated by the written communications between Starr and the Plaintiff's attorney, which will be supplemented as Exhibits to the Plaintiff's objection.

4. While Starr makes a reference to Ruffner Mountain Management, LLC/as its insured, the Plaintiff understood it to be the management company for BOG,Inc.,through which insurance coverage was provided on a contractual basis. Therefore, the Plaintiff and the other tenants via their attorney referred to Starr's Insured as Ruffner Mountain Management, LLC/BOG,Inc.

5. Shortly after the State lawsuit of the Plaintiff and the other tenants was filed, and Starr learned that it had been filed, Starr informed the Plaintiff's attorney that there was no insurance coverage issue with BOG,Inc. However, once Starr was presented the default judgment against BOG,Inc., in order for it to be satisfied, then Starr maintained that BOG,Inc., or Melvin Cheatum was not its insured.

6. While the Plaintiff recognizes that there is a possibility that Starr may not be responsible for satisfying the judgment against BOG,Inc., given the above circumstances, there is also a real possibility that it is responsible under a contractual basis that the landlord may have with Ruffner Mountain Management, LLC, or otherwise.

7. In light of the timing of the Defendant's motion to dismiss, it is clear that the motion was prematurely filed, because there are relevant questions that exist which will be answered through a discovery process and shed light on the issues at hand. Also, a 12(b)(6)motion generally must be made before answering a complaint.

8. In addition, there is still a question of fact in the case, and therefore the Court should take all allegations of material fact as true and construe them in the light most favorable to the nonmoving party. Pursuant to the Federal Rules cited by the Defendant, the Court should further resolve all reasonable doubts and inferences in the pleader's favor.

9. Given the above, Plaintiff asserts that Defendant's Motion to Dismiss is premature and therefore not warranted at this point.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that this Honorable Court denies the Defendant's Motion to Dismiss.

Respectfully submitted,


/s/Victor R. Spencer
Victor R. Spencer(SPE029)
Attorney for Plaintiff
3026 Ensley Avenue
Birmingham, AL 35208
(205) 780-3300

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have served a copy of the foregoing Plaintiff's Objection to Defendant's Motion to Dismiss upon the parties listed below by e-filing the same on this the <u>19th</u> day of August, 2018.

Stewart L. Howard
Howard-Festa, LLP
Post Office Box 1903
Mobile, AL 36633
showard@howardfesta.com

Jonathan Festa
Howard-Festa, LLP
Post Office Box 1903
Mobile, AL 36633
jfesta@howardfesta.com

/s/Victor R. Spencer
Victor R. Spencer