IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TERESA MAIDEN, ] | |
| ] | |
| Plaintiff, ] | |
| ] | |
| v. ] | 2:17-cv-00930-KOB |
| ] | |
| STARR INDEMNITY & LIABILITY CO., ] | |
| ] | |
| Defendant. ] | |

## MEMORANDUM OPINION

Plaintiff Teresa Maiden's apartment was destroyed in a fire. She obtained a default judgment against her landlord, BOG, Inc., in state court. Because she believes that BOG's insurance provider is Starr Indemnity & Liability Company, she seeks to enforce the state court judgment against Starr Indemnity. Starr Indemnity, however, contends that it did not issue an insurance policy to BOG, and cannot be held liable on the state court judgment.

Ms. Maiden seeks a declaratory judgment that Starr Indemnity was her landlord's insurance carrier at the time of the fire. Starr Indemnity moved to dismiss the complaint, under Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim, and alternatively moved for summary judgment. (Doc. 9). In support of its motion, it attached a copy of "the relevant insurance policy." (*Id.* at 1 n.1). However, the attached policy was issued to an entity called Ruffner Mountain Management, LLC, (doc. 9-1), and not to BOG. Starr Indemnity contends that, because BOG is not the named insured in the Ruffner policy, the court must dismiss the complaint.

This court issued an order denying without prejudice Starr Indemnity's motion for summary judgment and construing it as a motion to dismiss. (Doc. 10). In doing so, the court

noted that the Ruffner policy was a document extrinsic to the pleadings, but found that it could consider the policy because it presumed that the Ruffner policy was the one to which the complaint referred (and thus, the policy was central to Ms. Maiden's claim) and Ms. Maiden did not dispute the contents of the policy. The court ordered briefing on Starr Indemnity's motion to dismiss. The parties have completed briefing and the court now has before it the motion to dismiss.

For the following reasons, the court WILL VACATE its earlier order, WILL DENY Starr Indemnity's motion to dismiss, and WILL DENY WITHOUT PREJUDICE Starr Indemnity's motion for summary judgment.

## I. BACKGROUND

At this stage, the court must accept as true the allegations in the complaint and construe them in the light most favorable to the plaintiff. *Butler v. Sheriff of Palm Beach Cty.*, 685 F.3d 1261, 1265 (11th Cir. 2012). Taken in that light, in 2013, Ms. Maiden was renting one of the apartments in the Westbury Apartments, located in Birmingham, Alabama. (Doc. 1-1 at 1–2). BOG was the Westbury Apartment's landlord, and BOG's principal officer was Melvin Cheatum. (*Id.* at 2). On May 4, 2013, a fire destroyed Ms. Maiden's apartment, and destroyed or damaged several others as well. (*Id.* at 2). Ms. Maiden and some other tenants filed an insurance claim with BOG's insurer, Cook Claim Services, Inc. (*Id.*).

At some point—it is not clear when—Cook Claim Services notified Ms. Maiden's attorney that Starr Indemnity had "acquired" the claim and become the insurer. (*Id.*). Starr Indemnity, although it held itself out as BOG's insurer, did not accept liability, so Ms. Maiden and the other affected tenants sued BOG and Mr. Cheatum in state court. (*Id.*). They obtained a default judgment of $269,737 against BOG. (*Id.*).

Several months after the entry of the default judgment, Starr Indemnity sent Ms. Maiden's attorney a letter stating that BOG and Mr. Cheatum were not insureds under its policy, and that it was not required to pay the default judgment. (*Id.*). Ms. Maiden filed suit, seeking a declaratory judgment that Starr Indemnity and/or several fictitious defendants were her landlord's insurer "either directly or through another party." (*Id.* at 3). Starr Indemnity moves to dismiss the complaint for failure to state a claim. (Doc. 1 at 3; Doc. 9).

## II. DISCUSSION

### a. Motion to Dismiss

A Rule 12(b)(6) motion to dismiss attacks the legal sufficiency of the complaint. "To survive a motion to dismiss, the plaintiff must plead 'a claim to relief that is plausible on its face.'" *Butler*, 685 F.3d at 1265 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Although analysis of a Rule 12(b)(6) motion is limited primarily to the face of the complaint and attachments thereto, a court may consider documents attached to the motion to dismiss if they are referred to in the complaint and are central to the plaintiff's claim." *Starship Enterprises of Atlanta, Inc. v. Coweta Cty., Ga.*, 708 F.3d 1243, 1253 n.13 (11th Cir. 2013).

Ms. Maiden's complaint requested a judgment declaring that Starr Indemnity was BOG's insurer. (Doc. 1 at 3). To state a claim for a declaratory judgment under Alabama law, the complaint must allege a "bona fide justiciable controversy." *Carey v. Howard*, 950 So. 2d 1131 (Ala. 2006) (quoting *Gulf Beach Hotel, Inc. v. State ex rel. Whetstone*, 935 So. 2d 1177, 1182 (Ala. 2006)). "A controversy is justiciable where present 'legal rights are thwarted or affected [so as] to warrant proceedings under the [Alabama] Declaratory Judgment statutes.'" *Creola Land Dev., Inc. v. Bentbrooke Housing, LLC*, 828 So. 2d 285 (Ala. 2002) (quoting *Town of Warrior v. Blaylock*, 152 So. 2d 661, 662 (Ala. 1963)) (first alteration in original).

3

The complaint states a claim for declaratory judgment because it alleges that Starr Indemnity was her landlord's insurer, but has failed to pay a claim owed under the insurance policy:

> Plaintiff avers that the landlord did in fact have an insurance policy in effect with the Defendant, either through or under another party with Starr, or directly in its name with Starr who held the landlord out as its insured until it was time to satisfy the judgment.
>
> However, Defendant has maintained that the above landlord is not its insured, and has refused to satisfy the judgment against the landlord . . . .

(Doc. 1 at 2–3) (paragraph numbers omitted).

Starr Indemnity, however, contends that this court must dismiss the complaint because Starr Indemnity did not issue an insurance policy to BOG. (Doc. 9). Instead, it alleges, it "issued a policy of insurance . . . to an entity named Ruffner Mountain Management, LLC," which it contends was an earlier landlord of the apartment complex in which Ms. Maiden lived. (*Id.* at 2–3 & n.2). It attached to its motion to dismiss a copy of its insurance policy with Ruffner, and argues that this court can consider that policy as evidence that it did not issue BOG an insurance policy. (*Id.* at 3–4).

This court, in an earlier order, held that it could consider the Ruffner policy at the motion to dismiss stage because Ms. Maiden refers to the policy in her complaint, the policy is central to her claim, and its contents are not in dispute. (Doc. 10 at 1). But on closer examination the complaint does not refer to the *Ruffner* policy. Indeed, her complaint does not even mention the name Ruffner Mountain Management. (Doc. 1-1 at 1–3). The only insurance policies that the complaint names are BOG's policies with Cook Claim Services and Starr Indemnity. (Doc. 1-1 at 2). Because Ms. Maiden never referred to the Ruffner policy in her complaint, this court may

4

not consider it at the motion to dismiss stage. As a result, this court will vacate its earlier order holding that it *could* consider the Ruffner policy.

All of Starr Indemnity's arguments in support of its motion to dismiss depend on the existence of the Ruffner policy as evidence that it did not insure BOG. (*See* Doc. 9 at 3–6). But this court may not consider that policy. And without it, the complaint states a claim that BOG had an insurance policy with Starr Indemnity, and Starr Indemnity denied liability on a claim against BOG. (Doc. 1-1 at 2). Ms. Maiden's complaint states a claim, and this court will deny the motion to dismiss.

### b. Motion for Summary Judgment

This court's earlier order denied without prejudice Starr Indemnity's alternative motion for summary judgment because the court concluded that it could consider the Ruffner policy at the motion to dismiss stage without converting it to a motion for summary judgment. (Doc. 10). The vacatur of that order also vacates the denial of the motion for summary judgment. This court must, therefore, address Starr Indemnity's motion for summary judgment anew.

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Starr Indemnity contends that it issued an insurance policy, not to the landlord that Ms. Maiden knew as BOG, but instead to a company called Ruffner Mountain Management, which apparently had some unexplained connection to the apartment complex Ms. Maiden lived in until her apartment burned down. (Doc. 9 at 2–3 & n.2). Ms. Maiden, in her response to the motion to dismiss, concedes that Ruffner Mountain Management has some connection to BOG and the apartment complex, but she does not explain that connection. (Doc. 13 at 1).

Starr Indemnity's motion for summary judgment is premature. The deadline for completion of discovery is not until March 2018. (Doc. 12 at 1). And the existence of an insurance contract between Starr Indemnity and Ruffner Mountain Management is not by itself enough for the court to find that no insurance contract exists between Starr Indemnity and BOG. The court will deny Starr Indemnity's motion for summary judgment without prejudice.

## III. CONCLUSION

The court WILL VACATE its order denying without prejudice Starr Indemnity's motion for summary judgment and construing the motion as a motion to dismiss (doc. 10); WILL DENY Starr Indemnity's motion to dismiss the complaint for failure to state a claim (doc. 9); and WILL DENY WITHOUT PREJUDICE Starr Indemnity's motion for summary judgment (doc. 9).

The court will enter a separate order consistent with this opinion.

**DONE** and **ORDERED** this 26th day of September, 2017.

_____
**KARON OWEN BOWDRE**
CHIEF UNITED STATES DISTRICT JUDGE